FONG MEY YUK v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 24, 1902.)

No. 716.

CHINESE—FAILURE TO OBTAIN CERTIFICATE OF RESIDENCE—DEPORTATION—JURISDICTION.

Act Cong. May 5, 1892, gives a commissioner jurisdiction to hear the charge against a Chinaman of being in the country without a certificate of residence, though section 6, providing for issuance of such certificates to Chinamen, declares that one not obtaining a certificate within a certain time shall be adjudged to be unlawfully in the country, and shall be arrested and taken before a United States "judge"; the act, after continuing in force, by section 1, all laws prohibiting and regulating the coming in of Chinamen, and declaring, by section 2, that any Chinamen adjudged under any of said laws not entitled to remain in the country shall be deported, providing, by section 3, that any Chinaman arrested under "this act, or the acts hereby extended," shall be adjudged unlawfully in the country, unless he shall establish his right to remain to the satisfaction of "such justice, judge, or commissioner"; and Act Cong. March 3, 1901 (31 Stat. 1093), providing that the district attorney may designate the commissioner before whom a Chinaman, arrested for being unlawfully in the country or having unlawfully entered, shall be taken for hearing.

Appeal from the District Court of the United States for the Northern District of California.

The appeal in this case is taken from the judgment of the district court affirming an order of deportation of the appellant, Fong Mey Yuk, who was arrested at San Francisco on April 20, 1901, upon a warrant issued by a United States commissioner upon a complaint sworn to and lodged with said commissioner charging the appellant with being a Chinese manual laborer without the certificate of residence required by the act of congress entitled "An act to prohibit the coming of Chinese persons into the United States." approved May 5, 1892, and the act amendatory, approved November 3, 1893. On May 2, 1901, the appellant was brought to trial before said commissioner. Upon the evidence adduced, the commissioner made his findings and judgment of deportation, holding that the appellant is a Chinese manual laborer and a subject of the empire of China, and that she was found within the limits of the United States without the certificate of residence required by said acts, and that she had not shown that she had been unable to obtain such certificate for any of the reasons which the act specifies as excuses therefor.

Lyman I. Mowry, for appellant.

Marshall B. Woodworth, U. S. Atty., and Benjamin L. McKinley, for the United States.

Before GILBERT and MORROW, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The appeal presents two questions—First, had the United States commissioner jurisdiction to hear and determine the charge set forth in the complaint? And, second, was the evidence sufficient to justify his judgment? Section 12 of the act of May 6, 1882, provides that any Chinese person found unlawfully within the United States shall be deported to the country whence he came, after being brought before some "justice, judge, or commissioner of a court of the United States, and found to be one not lawfully entitled to be or remain in the United States." Section 12 of the act of July 5, 1884, provides substantially the same remedy as that of the act of May 6, 1882. Section 13 of the act of September 13, 1888, provides that any Chinese person found unlawfully in the United States may be arrested upon a warrant issued upon a complaint under oath "by any justice, judge, or commissioner of any United States court," and when convicted upon a hearing, and found and adjudged to be one not lawfully entitled to be or remain in the United States, shall be removed to the country whence he came. Section 2 of the act of May 5, 1892, provides "that any Chinese person or person of Chinese descent, when convicted and adjudged under any of said laws to be not lawfully entitled to be or remain in the United States, shall be removed from the United States to China." The previous acts had required that such person be removed to the country whence he came. Section 6 makes provision for the issuance of certificates of residence to Chinese persons lawfully in the United States, and enacts that "any Chinese laborer within the limits of the United States who shall neglect, fail or refuse to comply with the provisions of this act, or who after one year from the passage thereof shall be found within the jurisdiction of the United States without such certificate of residence, shall be decreed and adjudged to be unlawfully within the United States and may be arrested by any United States customs official, collector of internal revenue or his deputies, United States marshal or his deputies and taken before a United States judge." It is contended that all the prior legislation referred to Chinese who unlawfully entered the United States, and that by the act of 1892 provision was made for the deportation of a different class,—those who, although they had entered lawfully, had failed to acquire the right to remain, and were therefore unlawfully within the United States; and it is contended that as to this second class the jurisdiction to order deportation is conferred only upon "a United States judge." Section 1 of the act of May 5, 1892, provides: "All laws now in force prohibiting and regulating the coming into this country of Chinese persons and persons of Chinese descent are hereby continued in force for a period of ten years from the passage of this act." Those laws, so continued in force, it may be conceded have reference to prohibiting and regulating the coming into this country of Chinese

persons and persons of Chinese descent, and not the deportation of Chinese persons found to be unlawfully within the country. There would be no authority in the act of May 5, 1892, for the present proceeding, were it not for section 3, which provides as follows: "That any Chinese person or person of Chinese descent arrested under the provisions of this act or the acts hereby extended shall be adjudged to be unlawfully within the United States unless such person shall establish, by affirmative proof, to the satisfaction of such justice, judge or commissioner, his lawful right to remain in the United States." That section declares in plain terms that a proceeding may be instituted before a commissioner against any Chinese arrested under the provisions of the act of May 5, 1892. It has the effect to enlarge the provision of section 6, and to enact that the proceeding may be not only before a United States judge, but that it may be before a justice, judge, or commissioner. If there be any doubt that this is the true construction of the act, it is dispelled by the act of March 3, 1901 (31 Stat. 1093), which provides as follows: "That it shall be lawful for the district attorney of the district in which any Chinese person may be arrested for being found unlawfully within the United States or having unlawfully entered the United States to designate the United States commissioner within such district before whom such Chinese person shall be taken for hearing."

We find no ground for holding that the evidence is insufficient to justify the findings, judgment, and order of deportation. The commissioner saw the witnesses, heard their testimony, and reached the conclusion that the appellant was born in China, and that she was a laborer, and that she had not procured the certificate entitling her to remain in this country, as provided by law. There is no contention that in so holding he was guided by any erroneous view of the law or the evidence. Such being the case, we would not be justified in disturbing his conclusion, even if we deemed it contrary to the weight of the evidence, which we do not. The burden of proof rested upon the appellant to prove to the "satisfaction of the court" the facts upon which depended her right to remain in the United States. This she failed to do.

The judgment of the district court is affirmed.