### YEE N'GOY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 26, 1902.)

No. 765.

1. CHINESE—DEPORTATION—EVIDENCE—REVIEW.

It being necessary under Act May 5, 1892, § 6, that a Chinese person, found without a certificate of registration, establish to the "satisfaction of the court" the facts on which he claims the right to remain, a judgment of deportation of a Chinese laborer cannot be disturbed, she, according to the testimony of an inspector, having at the time of her arrest and a few days thereafter told him that she came from China four or five years before, and that she had her registration certificate, but the certificate not being produced, and she and several Chinese witnesses testifying that she was born in the United States.

Appeal from the District Court of the United States for the Northern District of California.

This is an appeal from the judgment of the district court of the United States for the Northern district of California, affirming an order of deportation of the appellant, who was arrested in San Francisco on April 20, 1901, upon a warrant of arrest issued by the United States commissioner, Hon. E. H. Heacock, upon a complaint sworn to and lodged with said commissioner, charging the appellant with being a Chinese manual laborer without the certificate of residence required by the act of congress entitled "An act to prohibit the coming of Chinese persons into the United States," approved May 5, 1892, and the act amendatory thereof, approved November 3, 1893. The commissioner heard the testimony in the case, and found that the appellant was a Chinese manual laborer, and was born in and a subject of the empire of China; that she was found within the limits of the United States, to wit, in the city and county of San Francisco, in the Northern district of California, on the 20th day of April, 1901, and that when so found she was without the certificate of residence required by the acts of congress in that behalf; that she had not clearly established that by reason of accident, sickness, or other unavoidable cause she had been unable to procure said certificate. A judgment was thereupon entered by the commissioner in accordance with these findings, and upon appeal to the district court of the United States the judgment of the commissioner was affirmed.

Henry C. Dibble, for appellant.

Marshall B. Woodworth, U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). It is assigned as error that there is no law authorizing the procedure taken in this case before the United States commissioner, and that his judgment is therefore void for want of jurisdiction. In Fong Mey Yuk v. U. S., 113 Fed. 898, this court held that the commissioner had jurisdiction to hear the charge against a Chinese person for being in the United States without a certificate of residence.

It is next assigned as error that the evidence in the case was not sufficient to sustain the judgment. At the hearing before the commissioner, J. E. Gardner, a Chinese inspector and interpreter, testified that the appellant told him at the time of her arrest, and again two or three days afterwards, that she came from China on the Doric some four or five years before, and that she had her registration certificate. The appellant and three other Chinese witnesses testified that she was born in the United States. The appellant did not produce her registration certificate. The commissioner, who saw the witnesses and heard the testimony, did not believe their statements as to the birthplace of the appellant. This court has repeatedly stated that the burenn of proof rests upon the Chinese person found in the United States without a certificate of registration to establish to the "satisfaction of the court" the facts upon which such person claims the right to remain in the United States. This the appellant did not do in the present case. We cannot disturb the judgment upon this evidence. Fong Mey Yuk v. U. S., 113 Fed. 898, supra.

The judgment of the district court is affirmed.